UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RONALD WADDLES,<br><br>　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　Defendant. | Case No. 1:23-CV-00220-GSL |

## OPINION AND ORDER

Plaintiff Ronald Waddles seeks a declaratory judgment on certain decisions made by the administrator of his long-term disability benefits plan, Defendant Metropolitan Life Insurance Company. The matter is now before the Court on Defendant's Motion for Summary Judgment [DE 31]. For the reasons below, the Court grants the motion.

**I.　Background**

Plaintiff worked as a maintenance technician at Robert Bosch LLC ("Bosch") from 1998 to November 4, 2016, when he stopped working because of a work injury he sustained in 2014. [DE 30-1, AR Pages 1–7] (Admin. R.). Because Plaintiff was enrolled in Bosch's employee benefit plan, administered by Defendant, he was eligible to receive short- and long-term disability benefits. Initially, Plaintiff's claim for long-term disability benefits was approved, and he started receiving payments in May 2017. [*Id.*, AR Page 521]. In 2018, Defendant learned that Plaintiff received retroactive Social Security Disability benefits. [*Id.*, AR Pages 519–20]. When the Social Security award was applied to Plaintiff's long-term disability payments, it resulted in Defendant overpaying Plaintiff. [*Id.*]. After recalculating his long-term disability payment under the Plan, less his social security payments, Defendant started deducting the overpayment by

retaining the long-term disability payment. [*Id.*, AR Page 347]. In September 2020, Defendant requested a letter seeking updated information on Plaintiff's disability, and when Plaintiff did not respond, Defendant sent another such request in December 2020. [*Id.*, AR Pages 449–450, 472–73]. In January 2021, when Plaintiff did not comply with the request, Defendant rescinded his benefits. [*Id.*, AR Pages 424–25].

In 2023, Plaintiff brought this action asserting that any overpayment he received from Defendant has been completely satisfied, that he is entitled to long-term disability payments, and that Defendant is wrongfully withholding an overpayment reimbursement. [DE 4]. He requests that the Court determine (1) "the date under the disability contract that any overpayment has been paid in full," and (2) "that the overpayment under the contract was completely satisfied" and that money is owed to him. [*Id.*]. Defendant removed the case and answered. [DE 10]. Among its affirmative defenses, Defendant contends that Plaintiff failed to exhaust his administrative remedies. [*Id.*]. Following an unsuccessful settlement conference, Defendant moved for summary judgment. [DE 31]. The Court recently granted the parties' joint motion to vacate the hearing the Court had set for the matter, thereby ripening the motion for a decision.

## II.   Legal Standard

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if, under the relevant substantive law, it is outcome determinative. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of" the evidence that "demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive a properly supported motion for summary judgment, "the nonmoving party must present evidence sufficient to establish a triable issue of fact on all elements of its case." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 969 (7th Cir. 2020).

In deciding a motion for summary judgment, the court may "not weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 760 (7th Cir. 2021). Instead, the court's only task is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* (internal citation omitted). If there is no genuine dispute of material fact, then summary judgment is appropriate, and the movant is entitled to judgment as a matter of law. *Id.*

### III.    Discussion

Defendant argues that in not appealing the termination of his benefits, Plaintiff failed to exhaust his administrative remedies, thereby barring this suit. [DE 33]. Specifically, Defendant asserts that it was justified in terminating Plaintiff's benefits because he failed to submit continuing proof of his disability. [*Id.*]. Defendant's motion cites letters it sent to Plaintiff requesting that proof and reminding him of the Plan's terms that authorize Defendant to periodically request it. [*Id.*]. Concerning the determinations requested by Plaintiff in his Complaint, i.e., those concerning the status of alleged overpayments, Defendant provides record cites for its contention that Plaintiff owes $12,580.58.00 in overpayment reimbursement. [*Id.*].

Plaintiff responds that because Defendant's doctor stated that Plaintiff's limitations "should be expected to be permanent," he no longer needs to submit continuing proof of disability. [DE 38]. Accordingly, Defendant's decision to terminate benefits was improper. [*Id.*].

3

As for the amounts owed, it appears that Plaintiff "does not contest that he was required to repay the offset amounts before he was eligible for continued MetLife benefits." [*Id.*, Page 3].

In accordance with Local Rule 56-1(a)(3), Defendant filed a Statement of Material Facts alongside its brief in support of summary judgment. [DE 33] (Def.'s Br.); [DE 34] (Def.'s Statement of Facts). Of the 31 facts set forth by Defendant, Plaintiff agrees with all but three: ¶¶ 11, 26–27.[1] [DE 38] (Pl.'s Resp.). Though the response does not comply with Local Rule 56-1(b)(2), requiring disputes of fact to cite to the record, the Court considered all record citations in Plaintiff's response. None of the citations support Plaintiff's dispute of ¶¶ 11, 26–27 of Defendant's Statement of Facts. Thus, the Court deems those facts undisputed for the purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2). This leaves no facts in dispute.

Given Plaintiff's agreement with the fact that he did not request an administration appeal upon the termination of his benefits, the Court finds that he did not exhaust his administrative remedies. In this Circuit, this renders him unable to file suit under ERISA. *See Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 736 (7th Cir. 2012). Even if he were to have exhausted his remedies, Plaintiff cites no case law or regulation for the proposition that the Plan's requirement for continued proof of disability, when the disability is likely permanent, was improper. Nor does he argue that Defendant's letters noticing him that his benefits would be terminated without such proof were defective. As for the overpayment issue, Plaintiff admits to Defendant's calculation that Plaintiff owes $12,580.58 in overpayment, and he does not dispute that he signed an agreement reimburse overpayments. [DE 34, ¶ 31].

## Conclusion

---

[1] Though Plaintiff refers to the Statement of Material Facts section in Defendant's Brief in Support [DE 33], those facts are the same as those in Defendant's separately filed Statement of Material Facts [DE 34].

4

The Court hereby **GRANTS** Defendant's Motion for Summary Judgment [DE 31]. The Court **DIRECTS** the Clerk of Court to enter judgment against Plaintiff and in favor of Defendant. Plaintiff takes nothing by his Complaint.

SO ORDERED.

ENTERED: June 20, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court